IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-126-BO

BURL A. HOWELL and ALICE A. HOWELL, )
          Plaintiffs, )
           )
v. )     **O R D E R**
           )
DANIEL M. HORNE, JR., *Clerk of NC Court* )
*of Appeals*, )
          Defendant. )

      This matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, [DE 12], and plaintiffs' motion for judgment on the pleadings [DE 16]. The matters have been fully briefed and are ripe for ruling. For the reasons discussed below, the motion to dismiss is granted and the complaint is dismissed.

## BACKGROUND

      Plaintiffs bring this complaint pursuant to 42 U.S.C. § 1983, alleging an unconstitutional deprivation of property by defendant when he issued invoices for docketing fees after the North Carolina Court of Appeals dismissed plaintiffs' motion to proceed *in forma pauperis*. [DE 8]. Defendant, a Clerk for the North Carolina Court of Appeals, issued two such invoices, totaling $20 in docketing fees, which plaintiffs refuse to pay on the basis that such invoices amount to a "deprivation of rights, privileges, or immunities secured by Constitution and laws, to wit, right to Social Security and Veterans 'aid and attendance' . . . ." [DE 8 at 4]. Plaintiffs request an order from this Court enjoining defendant from sending further invoices for docketing fees. *Id.* at 4.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

The *Rooker-Feldman* doctrine bars federal district courts, with the exception of habeas corpus proceedings, from engaging in direct review of state court judgments. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997). The doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal right." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *Washington v. Wilmore*, 407 F.3d 274, 479 (4th Cir. 2005). *Rooker-Feldman* also prevents lower federal courts from considering those claims that are "inextricably intertwined" with the decisions of the state courts. *Id.*; *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A litigant cannot circumvent a state-court decision "by instituting a federal action, which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of 'the state court's] decision by a lower court.'" *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Plyler*, 129 F.3d at 733). The essential inquiry under the doctrine is whether

2

"in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual . . . ." *Jordahl*, 122 F.3d at 202 (quoting *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). If the answer is yes, the *Rooker-Feldman* doctrine is implicated. *Id.*

Plaintiffs style their complaint as an action under the Due Process and Equal Protection clauses of the Fourteenth Amendment, claiming that they suffered an unconstitutional deprivation of their property by defendant's attempted collection of court fees. When a plaintiff's "claim of injury rests not on the state court judgment itself, but rather on the alleged violation of his constitutional rights," such claims are not be barred by the *Rooker-Feldman* doctrine. *Washington*, 407 F.3d at 280. However, "[t]he *Rooker-Feldman* doctrine may not be circumvented through artful pleading." *Allstate Ins. Co. v. West Virginia State Bar*, 233 F.3d 813, 819 (4th Cir. 2000).

Plaintiffs dispute not the process or procedure by which a judgment was made, but the actual state court judgment itself. *See Jordahl*, 122 F.3d at 202 (distinguishing between "actions seeking review of the state court decisions themselves and those cases challenging the constitutionality of the process by which the state court decisions resulted"). Only North Carolina trial courts may grant *in forma pauperis* motions to excuse docketing fees when a party seeks appeal. N.C. Gen. Stat. § 1-288. Defendant, as a clerk of the North Carolina Court of Appeals, is responsible for collecting docketing fees unless there is an order to the contrary, and had no authority himself to grant or deny an *in forma pauperis* motion. N.C. Gen. Stat. § 7A-20(b). At bottom, plaintiffs' Fourteenth Amendment claim in this action is a request that this Court determine that the state court wrongly decided plaintiffs' *pauper* status, which under the

3

*Rooker-Feldman* doctrine it may not do. Therefore, this Court is without jurisdiction to adjudicate plaintiffs' sole claim, and it must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 12] is GRANTED and plaintiffs' motion for judgment on the pleadings [DE 16] is DENIED. The Clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 22 day of August, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE